LESTER, guardian, *vs.* CALLAWAY, executor.

Where a deed described land by metes and bounds, and as being one hundred and sixty-five acres, more or less, all conveyed for a certain sum, and it did not appear that it was sold by the acre, but that a certain tract was sold for a specific sum, and this deed had been accepted, and the plaintiff in error had been in possession of the land for several years, without complaint, on the trial of the issues between the parties before arbitrators, this court cannot say that they made a mistake of law, or even committed error,

in rejecting parol evidence to show that there were not as many acres as set forth in the deed.

(*a.*) Error in judgment in the arbitrators is not a sufficient ground for setting aside an award, nor will it be set aside as contrary to evidence, if there is any evidence to support it.

January 6, 1885.

Arbitration and Award. Evidence. Deeds. Before Judge POTTLE. Oglethorpe Superior Court. April Term, 1884.

George H. Lester, guardian of Jesse K. Baker, a minor, William R. Callaway, executor of Jabez P. Smith, deceased, and Lula L. Bridges, former guardian of Jesse K. Baker, who had been discharged, agreed to submit their differences to arbitration. The principal point of dispute was this: Lester, guardian, claimed that Smith was security on the guardian's bond of Lula L. Bridges; that certain sums were received by her and loaned to him; that he sold to her a tract of land as containing 165 acres, with the agreement that it should be surveyed, and if it was less, he was to refund the difference *pro rata;* and that it had been surveyed, and there were only 136 acres. These allegations were denied by the adverse side.

On the hearing before the arbitrators, parol evidence was offered to show the agreement insisted on by Lester, guardian, and that there was a deficiency in the number of acres alleged to be contained in the tract. The deed was a fee simple deed from Smith to Lula L. Bridges, guardian, and described the land as adjoining that of certain persons named, " and containing 165 acres, more or less, and bounded as follows, as nearly as metes and bounds can be given, to-wit:" (giving them). The arbitrators rejected the parol testimony offered, and found an award in favor of the defendant, Callaway, executor. Upon the return of this award, exceptions were taken to it, the principal one of which was, that the arbitrators made a mistake of law in rejecting the parol testimony stated above, and

that the award consequent thereon was erroneous. The court, on demurrer, dismissed the exceptions, and plaintiff excepted.

J. T. OLIVE, for plaintiff in error.

W. M. & M. P. REESE, for defendant.

BLANDFORD, Justice.

The parties in this case submitted their differences to arbitration under the statute. The arbitrators made an award, which was filed in the clerk's office. The plaintiff in error filed certain objections to the award, which were demurred to by defendant in error as being insufficient in law to prevent the award being made the judgment of the court. This demurrer was sustained by the court and the objections dismissed, and the plaintiff in error excepted, and prosecutes this writ of error to reverse the judgment of the court below.

The main objection to the award is, " that the arbitrators made a mistake of law in rejecting parol testimony, " going to show that there was not as much land—as many acres—as was set forth in the deed from defendant in error's testator to plaintiff in error. This deed describes the land by metes and bounds, and says one hundred and sixty-five acres, more or less, and all for a certain sum; it does not appear that the land was sold by the acre, but that a certain tract was sold for a specified sum. This deed had been accepted, and the plaintiff in error been in possession of the land for several years without complaint. Under these circumstances, we are not prepared to say that the arbitrators were guilty of a mistake of law, or even committed error, in rejecting the evidence offered; but if they had erred as a matter of judgment, this would constitute no sufficient ground to set aside their award, as has been frequently held by this court. In the case of *Anderson vs. Taylor*, 41 *Ga.*, 10, in an opinion by Brown, C. J.,

which is exhaustive of the subject, it was held that, "error in judgment in the arbitrators is not a sufficient ground for setting aside an award. Nor will it be set aside as being contrary to evidence, if there is any evidence to support it." See also 64 *Ga.*, 522 ; 47 *Id.*, 11 ; 54 *Id.*, 252. The court below having held in accordance wit‾ these views, his judgment is affirmed.

Judgment affirmed.